Jacob Shisha
TABAK, MELLUSI & SHISHA LLP
29 Broadway
New York, NY 10006
Tel: (212) 962-1590
Fax: (212) 385-0920

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROGER HALL<br><br>    Plaintiff,<br>vs.<br><br>BOUCHARD TRANSPORTATION CO. INC,, TUG FREDERICK E. BOUCHARD CORP and the MV FREDERICK E. BOUCHARD, *in rem*<br><br>    Defendants. | Case No.: 19 Civ<br><br>COMPLAINT<br><br>**PLAINTIFF DEMANDS TRIAL BY JURY** |

**ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY OR PREPAYMENT OF FEES**

Plaintiff, complaining of the Defendants, respectfully states and alleges upon information and belief:

**JURISDICTION AND VENUE**

1.  Jurisdiction is predicated on 28 U.S.C. § 1331 pursuant to the "Jones Act" 46 U.S.C. § 10304, 28 U.S.C. § 1332 Diversity of Citizenship. and pursuant to 28 U.S.C. § 1333, Admiralty and General Maritime jurisdiction pursuant to the doctrines of unseaworthiness and maintenance and cure.

2.  At all times hereinafter mentioned, Plaintiff was a resident and citizen of Florida.

3. At all times hereinafter mentioned, defendant, Bouchard Transportation Co.("BTC"), was a New York corporation, with its principal place of business within this district.

4. At all times hereinafter mentioned defendant, Tug Frederick E. Bouchard Corp.("TFEBC"), was a New York corporation, with its principal place of business within this district.

5. At all times hereinafter mentioned defendant, MV FREDERIC E. BOUCHARD, was an American flagged tugboat, Official No. 1265316.

6. MV FREDERICK E. BOUCHARD is either currently in this district or will be in this district during the pendency of this suit.

7. At all times hereinafter mentioned, BTC was the owner or owner *pro hac vice* of the vessel MV FREDERICK E. BOUCHARD.

8. At all times hereinafter mentioned, BTC operated, managed and controlled the MV FREDERICK E. BOUCHARD.

9. At all times hereinafter mentioned BTC employed Plaintiff in the capacity of a seaman and member of the crew of the MV FREDERICK E. BOUCHARD.

10. At all times hereinafter mentioned, TFEBC was the registered owner of the vessel MV FREDERICK E. BOUCHARD.

11. At all times hereinafter mentioned, TFEBC operated, managed and controlled the MV FREDERICK E. BOUCHARD.

12. At all times hereinafter mentioned TFEBC employed Plaintiff in the capacity of a seaman and member of the crew of the MV FREDERICK E. BOUCHARD.

## FIRST CAUSE OF ACTION JONES ACT AND UNSEAWORTHINESS

13. On or about September 28, 2018 at 11:30 am Plaintiff was on duty up on the bow of the MV FREDERICK E. BOUCHARD when the vessel collided with the moored barge BOUCHARD 282.

14. The force of the collision was great; violently throwing Plaintiff onto the deck, causing him to sustain injuries.

15. The cause of the collision and resulting injuries to Plaintiff was the negligence of the Defendants, specifically: the captain not paying attention to his duties, failure to properly pilot the vessel, failure to have a proper lookout, failure to have proper collision avoidance procedures, failure to have adequately trained and competent crew, failure to blow the danger signal or activate the general alarm to warn Plaintiff and the crew of the impending collision.

16. The acts, omissions and conditions listed in the paragraph above rendered the MV FREDERICK E. BOUCHARD unseaworthy.

17. As a result of being thrown to the deck, due to the negligence of the Defendants and the unseaworthiness of the MV FREDERICK E. BOUCHARD, Plaintiff sustained injuries to his, neck, arms, back, right knee, has been experiencing headaches, and depression.

18. As a result of the back injuries, Plaintiff sustained in the vessel collision, his treating neurologist referred him to physical therapy. The physical therapist prescribed Plaintiff home exercises to perform. While performing one of the exercises, that required twisting of his back, he strained his back and was caused to have a priapism, for which he needed medical treatment. The priapism caused scarring which

resulted in permanent erectile disfunction and the inability neither to have nor maintain an erection, which are consequential injuries directly caused by the accident of September 28, 2018 for which the Defendants are responsible.

19. As a result of the above stated injuries Plaintiff has incurred past medical expenses, past loss of earnings, pain and suffering and will incur future medical expenses, future loss of earnings/earning potential and future pain and suffering in an amount to be proven at trial that vastly exceeds the amount needed to maintain Diversity Jurisdiction.

## SECOND CAUSE OF ACTION MAINTENANCE AND CURE

20. Plaintiff reasserts the allegations set forth in paragraphs 1 to 19.

21. Plaintiff's injuries manifested themselves while in the service of the MV FREDERICK E. BOUCHARD, or while not fit for duty and entitled to maintenance and cure; thus obligating Defendants to timely investigate and pay maintenance and cure until the point of maximum medical improvement.

22. Defendants have failed to timely provide Plaintiff maintenance and cure, despite his not reaching maximum medical improvement.

23. Defendants have been asked to authorize orthopedic treatment for his right knee, and psychiatric treatment for his depression on numerous times, and have refused.

24. Defendants have consistently been late in paying Plaintiff his maintenance causing him financial hardship and worsening his depression.

25. Defendants have not been timely paying his medical bills causing his treating neurologist to have to cancel at least 3 appointments.

26.     The delay in treatment has worsened Plaintiff's depression, impaired his recovery and worsened his injuries.

27.     Defendants' failure to timely pay maintenance and cure was willful and wanton, as to warrant imposition of attorney's fees, punitive damages and consequential damages resulting from Defendants' failure to timely provide maintenance and cure.

28.     The amount of maintenance, cure, consequential damages, attorney's fees and punitive damages for willfully failing to pay maintenance and cure will be proven at trial; they vastly exceed the amount needed to maintain Diversity Jurisdiction.

**THIRD CAUSE OF ACTION IN REM AGAINST THE M/V FREDERICK E. BOUCHARD**

29.     Plaintiff realleges each and every allegation contained in paragraphs 1 to 28 in the complaint.

30.     MV FREDERICK E. BOUCHARD is presently located in or will be located in this District during the pendency of this suit and is or will be subject to the jurisdiction of his Honorable Court.

31.     By reason of the aforesaid, Plaintiff has a maritime lien against the MV FREDERICK E. BOUCHARD for his claims of unseaworthiness and maintenance and cure.

**WHEREFORE**, Plaintiff demands:

a.     judgment be entered against the Defendants jointly and severally in an amount to be proved at trial, on all causes of action in addition to costs, pre-trial and post-trial interest, along with attorney's fees and .punitive damages for failure to timely pay maintenance and cure.

    b.    judgement be entered against the MV FREDERICK E. BOUCHARD *in rem,* that process in due form of law, according to the Fed. R. Civ. P. and Supplemental Rules for Certain Admiralty and Maritime Claims, issue against the vessel citing all persons having any interest therein to appear and answer all matters aforesaid;

    c.    Plaintiff's lien be declared a valid maritime lien upon the whole of the vessel *in rem*; that after due proceedings there be a judgement entered in favor of Plaintiff against MV FREDERICK E. BOUCHARD in an amount to be proven at trial together with pre and post judgement interest and costs.

    d.    The MV FREDERICK E. BOUCHARD be condemned and sold free and clear of all liens and encumbrances to satisfy the judgement herein, that Plaintiff's maritime lien be recognized, enforced and paid in preference and priority over all other claims

TABAK, MELLUSI & SHISHA LLP
ATTORNEYS FOR PLAINTIFF

By:_____
    JACOB SHISHA (JS 5452)